## UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Adrian Williams, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID L. WINN, WARDEN, | ) |
| | ) |
| Federal Medical Center, | ) |
| | ) |
| Devens, | ) |
| | ) |
| Respondent. | ) |

# 05-40100

Civil No.: _____

## MEMORANDUM AND ARGUMENT IN SUPPORT

### PURSUANT TO 28 U.S.C. § 2241 HABEAS CORPUS WRIT

### PURSUANT TO A WRIT OF ERROR RULE 52(B)

NOW COMES the above named Petitioner, Adrian Williams, acting Pro Se, hereinafter the "Petitioner" in the above captioned case humbly submitting this Memorandum of Law and argument in support of his 28 U.S.C. § 2241.

(a)

## THE PARTIES

The Petitioner, Adrian Williams, is a prisoner of the Federal Government, being held in custody incarceration under color and authority of the Statutory Laws of the United States of America.

David L. Winn is the current Warden of the Federal Medical Center, Devens, in Ayer, Massachusetts, where the Petitioner is a prisoner and as such Warden Winn is the proper Respondent to this Habeas Corpus action.

## JURISDICTION AND VENUE

That this Court has Statute, subject and subject matter jurisdiction pursuant to 28 U.S.C. § 2241 and that venue is appropriate in that the Federal Medical Center, Devens, is located within the geographical boundaries of the United States District Court of the District of Massachusetts.

## STATEMENT OF JURISDICTION

On November 3, 1997, Jury selection was completed and trial commenced.

The trial concluded on November 5, 1997, and the Petitioner was found Guilty of having violated 18 U.S.C. § 1951, Hijacking and 18 U.S.C. § 924(c)(1), Using and Carrying a Gun in Relation to a Crime of Violence. He was sentenced on February 11, 1998, to imprisonment for a term of 63 months for hijacking and and to a required consecutive term of 60 months for using and carrying a gun in connection with a crime of violence. A concurrent period of supervised release of three (3) years was to follow his release from imprisonment.

His conviction was affirmed on Appeal by Summary Order on March 26, 1999, See: 175 F.3d 1099, (2nd Cir. 1999).

The Petitioner Adrian Williams filed a 28 U.S.C. § 2255 on September 21, 1999, and it was Denied on November 29, 2000. On January 27, 2005, Petitioner filed a successive 28 U.S.C. § 2255 and it was Denied on March 9, 2005. It is excess that this Court has the jurisdiction to hear this case pursuant to 28 U.S.C. § 3231.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.  Whether Probation Officer, the Court, the Government and Petitioner's counsel errored by using count three (3), that the trial Jury found Petitioner not guilty of, to enhance Petitioner's sentence.

2.  Whether Probation Officer, the Court, the Government and Petitioner's counsel errored by enhancing Petitioner's Offense by four (4) levels for abducting the driver of the vehicle with a firearm.

## STATEMENT OF THE CASE

The Grand Jury charges:

1.  On or about July 2, 1992, within the Eastern District of New York, the defendants Adrian Williams, Reggie Jackson, John Blount and Craig Gillespie, also known as "Mountain," did knowingly and intentionally obstruct, delay, and affect commerce, and the movement of articles and commodities in commerce, by robbery, in that the defendants did take and obtain the personal property of a business to wit: Firebird Trucking, in the presence of a principal and employee of such entity, against the individual's will by means of actual and threatened force, violence, and fear of immediate and future injury to the person and property in the person's custody and possession. (Title 18 United States Code, Sections 1951, 2 and 3551).

2.  On or about July 2, 1992, within the Eastern District of New York, the defendants Adrian Williams, Reggie Jackson, and Craig Gillespie, also know as "Mountain," did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the offense charged in count one of this indictment. (Title 18 United States Code, Sections 924(c)(1), 2 and 3551 et seq).

## STATEMENT OF FACTS

1.    The  Probation  Officer,  the  District  Court,  the Government  and  Petitioner's  counsel  errored  by  using  Count  III (the  Count  in  which  the  Petitioner  was  found  by  the  jury  "not guilty")  to  enhance  Petitioner's  sentence  without  advance  notice.

> SPECIFIC  OFFENSE  CHARACTERISTICS:  The  defendant  is  held
> accountable  for  the  loss  of  $250,000.00,  therefore,  pursuant
> to  U.S.S.G.  §  2B3.1(b)(6)(C),  the  offense  level  is  increased
> by  two  (2)  levels.

2.    The  Probation  Officer,  the  District  Court,  the Government  and  Petitioner's  counsel  errored  by  enhancing Petitioner's  offense  by  four  (4)  levels  for  abducting  the  driver of  the  vehicle  with  a  firearm  when  he  was  sentenced  under  924(c) for  using  a  firearm  in  the  same  offense.

> SPECIFIC  OFFENSE  CHARACTERISTICS:  In  the  process  of  the
> hijacking,  the  driver  of  the  vehicle  was  abducted  to
> facilitate  the  commission  of  the  offense,  therefore,
> pursuant  to  U.S.S.G.  §  2B3.1(b)(4)(A),  the  offense  level  is
> increased  by  four  (4)  levels.

3.    The  Petitioner  was  found  "not  guilty"  as  to  Count  III, however,  the  Petitioner's  sentence  was  enhanced  two  points  based on  Count  III.  This  enhancement  is  unconstitutional.  The above-referenced  two-point  enhancement  and  the  four-point enhancement  lengthened  the  Petitioner's  sentence  by  thirty months. (See  Federal  Sentencing  Guideline  Table). The  Petitioner was  sentenced  to  63  months  imprisonment  on  Count  I  and  60  months imprisonment  on  Count  II  to  be  served  consecutively  for  a  total of  123  months  of  imprisonment  followed  by  three  years  of

Supervised Release.

## SUMMARY OF ARGUMENT

1.    The Probation Officer, the Court, the Government and Petitioner's counsel errored by using Count III, that the trial Jury found Petitioner not guilty of and enhanced Petitioner's sentence without advance notice.

2.    The Probation Officer, the Court, the Government and Petitioner's counsel errored by enhancing Petitioner's offense by four (4) levels for abducting the driver of the vehicle with a firearm, when he was sentenced under 924(c) for using a firearm in the same offense.

## ARGUMENT 1

The Probation Officer, the District Court, the Government and Petitioner's counsel errored by using Count III (the Count in which the Petitioner was found not guilty) to enhance Petitioner's sentence.

In the specific offense characteristics, Petitioner's sentence was enhanced because he was held accountable for a loss of $250,000.00 of articles and commodities - this was listed under Count III and the jury found the Petitioner "not guilty" as to Count III. This violated the Petitioner's substantial rights and seriously affects the fairness, integrity and public reputation of judicial proceedings. See: <u>United States v. Olano</u>, 507 U.S. 725 (1993). The District Court imposed this enhancement in which it had no actual authority to impose and Petitioner's counsel never objected to any of the aforementioned.

See Indictment, Page 2. Section 3. Count III - received and possessed goods and chattels, to wit, items of wearing apparel, having a value in excess of $100.00 which were stolen and unlawfully taken from a motor truck. The jury found the Petitioner "Not guilty" as to this count. The Petitioner received a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(6)(C), and this enhancement is not applicable and results in a clear error.

**GROUND ONE:**

The Probation Officer, the District Court, the Government and Petitioner's counsel errored by using Count III (the count in which the Petitioner was found by the jury "not guilty") to enhance the Petitioner's sentence without advance notice.

One November 5, 1997, the jury found the Petitioner guilty of Counts I and II but not guilty as to Count III. The jury was never asked to determine the total loss value of the articles and commodities. A sentencing hearing was held on February 11, 1998. The Petitioner received a two-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(6)(C) - the Petitioner was held accountable for the loss of $250,000.00. This enhancement was proposed by the Probation Officer in the presentence report and the District Court adopted the findings set out in the presentence report. This enhancement was never submitted to the jury for determination beyond a reasonable doubt. The Petitioner's counsel never objected to this enhancement nor the court's sentencing procedures. The Petitioner never waived his right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence; and the Petitioner was never given the option to have a sentencing jury determine beyond a reasonable doubt all facts essential to his sentence. Petitioner's counsel failed to inform Petitioner that he had a right to demand that every fact that could lengthen his sentence be submitted to a jury and determined beyond a reasonable doubt. Petitioner's counsel failed to object to or file any motions to object to the Presentence Report, which included sentencing

enhancements that were not admitted by the Petitioner nor submitted to the jury and proven beyond a reasonable doubt.

Furthermore, the total loss value of the articles and commodities was an element of the offense that must be charged in indictment, submitted to the jury, and proven beyond a reasonable doubt. The failure to charge the total loss value of the articles and commodities are both errors committed by the District Court. Because the total loss value of the article and commodities may raise a defendant's sentence above the standard statutory maximum established for a crime, then the total loss value of the articles and commodities was an element of the offense, and a court may not enhance a sentence above the standard statutory maximum established for a crime if the Government has not charged the total loss value of the articles and commodities in indictment and proved it to a jury beyond a reasonable doubt. The Petitioner claims that he was sentenced for a crime not fully alleged in the indictment in that the allegations in the indictment charged a lesser-included offense of the crime for which the sentence was imposed. This is "constructive amendment." The Supreme Court has held that these provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. Sullivan v. Louisiana, 508 U.S. 275, 277 - 278, 124 L.Ed. 2d 182, 113 S.Ct. 2078 (1993). The right to have a jury make the ultimate determination of guilt has an impressive pedigree. Blackstone described "trial by jury" as requiring that "the truth of every accusation, whether preferred in the shape of an indictment, information, or appeal, should

-8-

afterwards be confirmed by the unanimous suffrage of twelve of [the defendant's] equals and neighbors..." 4 W. Blackstone, Commentaries of the Laws of England 343 (1769)(emphasis added). Justice Story wrote that the "trial by jury" guaranteed by the U.S. Constitution was "generally understood to mean...a trial by a jury of twelve men, impartially selected, who must unanimously concur in the guilt of the accused before a legal conviction can be had." 2 J. Story, Commentaries on the Constitution of the United States 541, n 2 (4th ed. 1873)(emphasis added and deleted). This right was designed "to guard against a spirit of oppression and tyranny on the part of the rulers," and "was from very early times insisted on by our ancestors in the parent country, as the great bulwark of their civil and political liberties." Id. at 540 - 541. See also: Duncan v. Louisiana, 391 U.S. 145, 151 - 154 (1968)(tracing the history of trial by jury).

The present case is a classic case in which the Prosecutor charged the Petitioner with one crime, then spent days of Court time proving other crimes that were never approved by the grand jury, as to which the Petitioner had no notice in the pleadings and no opportunity to prepare for trial. The Petitioner was sentenced to crimes for which he was never charged, and for crimes that were never formally indicted by the grand jury. Moreover, the Constitution guards against violation for failure to give notice of a specific type charge and opportunity to be heard at trial on issues raised in the actual charge. In Cole, et al. v. Arkansas, 333 U.S. 196, 201 (1948), the Supreme Court further stated that "it would be...as much a violation of due process to send an accused to prison following a conviction of a

charge that was never made...that a conviction based on charges that is not included in the indictment is a plain denial of due process." The Supreme Court has also held that any fact mentioned in the Statute that results in a statutory enhancement of a criminal defendant's sentence, must be submitted to a jury as an element of the offense and proven beyond a reasonable doubt. The Petitioner argues that a jury finding was needed in regards to the sentencing enhancements given to Petitioner. See: Jackson v. Virginia, 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2701. In the instant case, the Court made erroneous finding as to Petitioner's sentencing enhancements of the indictment because the terms of the Petitioner's indictment were effectively modified by the presentation of evidence or by actions of the Court and the Petitioner was convicted of an offense other than that charged in indictment.

This is per se prejudicial violation of the Grand Jury Clause of the Constitution. These errors seriously affected Petitioner's substantial rights, inasmuch as these errors seriously affected the fairness of judicial proceedings in that Petitioner's counsel may have been discouraged from conducting vigorous cross-examination regarding the total loss value of the articles and commodities in this case, and the refusal to notice these errors would affect the public reputation of judicial proceedings.

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment - any fact (other than a prior conviction) that increases the standard statutory maximum penalty for a crime must be charged in the

-10-

the indictment submitted to a jury, and proven beyond a reasonable doubt. The Fifth and Sixth Amendment rights render Petitioner's sentence unconstitutional since "abduction" found by the District Court (under the preponderance of the evidence standard) to have been involved in this offense, which raised Petitioner's sentence above the standard statutory maximum, should have been charged in indictment, submitted to a jury, and proved by the Government beyond a reasonable doubt. In this case, the District Court's use of the preponderance of the evidence standard to determine the total loss value of the articles and commodities by itself constituted reversible error.

The Federal Constitution requires that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the standard statutory maximum authorized by the facts established by a pleas of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. The Federal Constitution protects every criminal defendant is charged. The Federal Constitution gives a criminal defendant the right to demand that a jury find the defendant guilty of all the elements of the crime with which the defendant is charged. In In re Winship, 397 U.S. 358 (1970), the Supreme Court held "that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Id. at 364. As the Supreme Court explained in Winship: "The [reasonable doubt] standard provides concrete substance for the presumption of innocence -- that bedrock axiomatic and elementary principle whose enforcement lies at the foundation of the administration of

-11-

our criminal law." Id. at 363 (quoting Coffin v. United States, 156 U.S. 432, 453 (1895))(internal quotation marks omitted). By reducing the risk that an individual will be convicted in error, use of the reasonable doubt standard serves three ends of surpassing importance. First, it protects individuals from unjustified deprivation of their liberty and imposition of the stigma that attaches to criminal convictions. See: id. at 363 - 364. Second, it "is indispensable to command the respect and confidence of the community in applications of criminal law." Id. at 364. Third, it ensures that "every individual going about his ordinary affairs ha[s] confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper fact-finder of his guilt with utmost certainty." Id.. It is long standing precedent in all courts, that a jury can only return a verdict on the elements/factors that are explicitly cited in the indictment. For the verdict to be based on any element/factor more or any element/factor less is plain constructive amendment to the indictment itself. This would violate the Due Process Clause of the Fifth Amendment along with the Fair Notice "subclause" of the indictment clause. The Courts that have violated Winship have completely ignored the fact that they are supplanting their determination of what element the jury would have found, See: Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)(Holding that a court cannot supplant its determination as to what the jury would have found).

Additionally, in Duncan v. Louisiana, the U.S. Supreme Court held that trial by jury in criminal cases is fundamental to the American scheme of justice and the Sixth Amendment guarantees

a right of jury trial in all criminal cases. Moreover, in United States v. Gaudin, the Supreme Court held that the trial judge's refusal to allow the jury to determine the materiality of the alleged false statements infringed the accused's right - guaranteed by the Fifth Amendment's due process clause and the Sixth Amendment's right to a jury trial - to have a jury determine his guilt of every element of the crime with which he was charged.

Finally, the Fifth Amendment to the Constitution guarantees that no one will be deprived of liberty without "due process of law;" and the Sixth Amendment guarantees that, in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury.

The Sixth Amendment of the U.S. Constitution confers a right to be informed of the nature and and cause of a criminal accusation. The charging document must, therefore, provide notice of the charges, adequate for preparation of a defense. In Rule 7(c)(1) of the Federal Rules of Criminal Procedures, it states that the indictment or information must be plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. Even where there is adequate notice on the face of the indictment by the grand jury, the indictment is deficient unless the grand jury has agreed on all of the facts that are set fourth in the document.

In the present case, the Petitioner asserts a challenge against the indictment flaws and deficiencies regarding the lack of specific charges on which his sentence was enhanced. In

Richardson v. United States, 526 U.S. 813, 817 - 818, 119 S.Ct. 1708, 1710 - 1711 (1999), the Supreme Court stated, "calling a particular kind of fact an element carries certain legal consequences... One such consequence is that the grand jury must pass upon and include that element in the indictment." The Fifth Amendment Grand Jury Clause provides that "trial my be held in a Federal Criminal case only if a Grand Jury has first intervened - this reflects centuries of antecedent development of common law." See: Russell v. United States, 369 U.S. 749, 760, 82 S.Ct. 1038, 1045 (1962). The Supreme Court held that "if it lies within the province of and indictment to suit its own notions of what it ought to have been or what the Grand Jury would probably have made if their attention has been called to suggested changes...the great importance which the common law attaches to an indictment by a Grand Jury as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says no person shall be held to answer, may be frittered away until its value is almost destroyed... Any other doctrine would place the rights of the citizen, which were intended to be protected by the Constitutional provision, at the mercy or control of the court or prosecution attorney; if it be held that charges can be made by the Consent or the Order of the Court in the body of the indictment as presented by the Grand Jury, and the prisoner can be called upon to answer to the indictment as thus charged, the restriction which the Constitution places upon the power of the court, in regard to the prerequisite of an indictment, in reality no longer exists." Ex parte Bain, 121 U.S. 1, 10, 13, 7 S.Ct. 786, (1887); See also: Strione v. United States, 361 U.S. 212,

218, 80 S.Ct. 270, 273 (1963) - For this reason, an indictment can only be amended by resubmission to the Grand Jury. A Constitutional violation occurs when an individual is convicted of and sentenced for an offense not charged in the indictment - this is exactly what occurred in the instant case.

## ARGUMENT 2

The Probation Officer, the District Court, the Government and the Petitioner's counsel errored by enhancing Petitioner's offense by four levels for abducting the driver of the vehicle with a firearm when he was sentenced under 924(c) for using a firearm in the same offense.

Specific offense characteristic: In the process of the hijacking, the driver of the vehicle was abducted to facilitate the commission of the offense, therefore, pursuant to U.S.S.G. § 2B3.1(b)(4)(A), the offense level is increased by four levels.

See: Count One and Two of the indictment Page 1 and 2.

1.  Did knowingly and intentionally obstruct, delay, and affect commerce, and the movement of articles and commodities in commerce, by robbery, in that the defendants did take and obtain the personal property of a business, to wit: Firebird Trucking, in the presence of a principal and employee of such entity, against the individual's will, by means of actual and threatened force, violence, and fear of immediate and future injury to the person and property in he person's custody and possession. (18 U.S.C. § 1951, 2 and 3551 et seq.).

2.  Did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the offense charged in Count One of this indictment. (18 U.S.C. § 924(c)(1), 2 and 3551 et seq.).

3.  The error is that Petitioner Williams, received a 5 year consecutive sentence, for Count One in Count Two, for using or carrying a firearm in the crime of violence to a principal and

-16-

employee/driver in facilitating the commission of the offense. The offense level cannot be increased under 2B3.1(b)(4)(A) pursuant to the guideline for an 18 U.S.C. § 924(c)(1) offense is 2K2.4(a), and not other enhancement in the same offense charged in the indictment can be added, unless a new indictment by the Grand Jury 18 U.S.C. 924(c)(1), 2 and 3551 et seq.).

Additionally, Guideline Amendment 599 of the U.S. Sentencing Guidelines states that this amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. § 924(c) conviction, nor for any conduct with respect to that offense for which the defendant is held accountable under § 1B1.3 (Relevant Conduct).

**GROUND TWO:**

On November 5, 1997, the jury found the Petitioner guilty of Counts I and II but not guilty as to Count III. The indictment never charged the Petitioner with "abduction." The Petitioner received a four-level enhancement pursuant to U.S.S.G. § 2B3.1(b)(4)(A) - (in the process of the hijacking, the driver of the vehicle was abducted to facilitate the commission of the offense). This enhancement was proposed by the Probation Officer in the Presentence Report and the District Court adopted the findings set out in the Presentence Report. This enhancement was never submitted to the jury for determination beyond a reasonable doubt. The Petitioner's counsel never objected to this enhancement nor the Court's sentencing procedures. The Petitioner never waived his right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence; and the Petitioner was never given the option to have a sentencing jury determine beyond a reasonable doubt all facts essential to his sentence. Petitioner's counsel failed to inform Petitioner that he had a right to demand that every fact that could lengthen his sentence be submitted to a jury and determined beyond a reasonable doubt. Petitioner's counsel failed to object to or file any motions to object to the Presentence Report, which included sentencing enhancements that were not admitted by the Petitioner nor submitted to the jury and proven beyond a reasonable doubt.

Furthermore, "abduction" was an element of the offense that must be charged in indictment, submitted to the jury, and proven beyond a reasonable doubt. The failure to charge abduction in

indictment and to submit this question of "abduction" to the jury are both errors committed by the District Court. Because "abduction" may raise a defendant's sentence above the standard statutory maximum established for a crime, then "abduction" was an element of the offense, and a court may not enhance a sentence above the standard statutory maximum established for a crime if the Government has not charged "abduction" in indictment and proved it to a jury beyond a reasonable doubt. The Petitioner claims that he was sentenced for a crime not fully alleged in the indictment in that the allegations in the indictment charged a lesser - included offense of the crime for which the sentence was imposed. This is "constructive amendment" of the indictment because the terms of Petitioner's indictment were effectively modified by the presentation of evidence or by actions of the court and the Petitioner was convicted of an offense other than that charge in the indictment - this is per se prejudicial violation of the Grand Jury Clause of the Constitution. These errors seriously affected Petitioner's substantial rights, inasmuch as these errors seriously affected the fairness of judicial proceedings in that Petitioner's counsel may have been discouraged from conducting vigorous cross-examination regarding "abduction" in this case, and refusal to notice errors would affect the public reputation of judicial proceedings.

Under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment - any fact (other than a prior conviction) that increases the standard statutory maximum penalty for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable

doubt. The Fifth and Sixth Amendment rights render Petitioner's sentence unconstitutional since the total loss value of the articles and commodities found by the District Court (under a preponderance of the evidence standard) to have been involved in this offense, which raised Petitioner's sentence above the standard statutory maximum, should have been charged in indictment, submitted to a jury, and proved by the Government beyond a reasonable doubt. In this case, the District Court's use of the preponderance of the evidence standard to determine "abduction" by itself constituted reversible error.

The Federal Constitution requires that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the standard statutory maximum authorized by the facts established by a plea of guilty or jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. The Federal Constitution protects every criminal defendant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which the defendant is charged. The Federal Constitution gives a criminal defendant the right to demand that a jury find the defendant guilty of all the elements of the crime with which the defendant is charged. In In re Winship, 397 U.S. 358 (1970), the Supreme Court held "that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Id. at 364. As the Supreme Court explained in Winship: "The [reasonable doubt] standard provides concrete substance for the presumption of innocence -- that bedrock axiomatic and

elementary principle whose enforcement lies at the foundation of the administration of our criminal law." Id. at 363 (quoting Coffin v. United States, 156 U.S. 432, 453 (1895))(internal quotation marks omitted). By reducing the risk that an individual will be convicted in error, use of the reasonable doubt standard serves three ends of surpassing importance.

First, it protects individuals from unjustified deprivation of their liberty and imposition of the stigma that attaches to criminal convictions. See: Id. at 363 - 364. Second, "it is indispensable to command the respect and confidence of the community in applications of criminal law." Id. at 364. Third, it ensures that "every individual going about his ordinary affairs ha[s] confidence that his government cannot adjudge him guilty of criminal offense without convincing a proper fact-finder of his guilt with utmost certainty." Id..

It is long standing precedent in all courts, that a jury can only retain a verdict on the element/factors that are explicitly cited in the indictment. For the verdict to be based on any element/fact more or any element/factor less is plain constructive amendment to the indictment itself. This would violate the Due Process Clause of the Fifth Amendment along with the Fair Notice "subclause" of the indictment clause. The courts that have violated Winship have completely ignored the fact that they are supplanting their determination of what element the jury would have found, See: Sullivan v. Louisiana, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)(Holding that a Court cannot supplant its determination as to what the jury would have found).

Additionally, in Duncan v. Louisiana, the U.S. Supreme Court

held that trial by jury in criminal cases is fundamental to the American scheme of justice and the Sixth Amendment guarantees a right of jury trial in all criminal cases. Moreover, in United States v. Gaudin, the Supreme Court held that the trial judge's refusal to allow the jury to determine the materiality of the alleged false statements infringed the accused's right - guaranteed by the Fifth Amendment's Due Process Clause and the Sixth Amendment's right to a Jury Trial - to have a jury determine his guilt of every element of the crime which he was charged.

## CONCLUSION

The issues in this habeas motion pertain to the illegal enhancement of Petitioner's sentence pursuant to the United States Sentencing Guideline Section and in light of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. ___, 159 L.Ed.2d 403, 124 S.Ct. 2531 (June 24, 2004) as well as previous Supreme Court decisions such as Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed.2. 435, 120 S.Ct. 2348 (2000); Jones v. United States, 526 U.S. 227, 143 L.Ed.2d 311, 119 S.Ct. 1215 (1999); United States v. Gaudin, 515 U.S. 506, 132 L.Ed.2d 444, 115 S.Ct. 2310 (1995); Jackson v. Virginia, 443 U.S. 304, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979); United States v. Tucker, 404 U.S. 443, 30 L.Ed.2d 592, 92 S.Ct. 589 (1972); In re Winship, 397, U.S. 358, 25 L.Ed.2d 368, 90 S.Ct. 1068 (1970); and Duncan v. Louisiana, 391 U.S. 145, 20 L.Ed.2d 491, 88 S.Ct. 1444 (1968), the Petitioner requests this Honorable Court for habeas relief pursuant to Title 28 U.S.C. Section 2241(c)(3), which allows a prisoner to petition for a writ of habeas corpus if he is in custody in violation of the Constitution of laws or treaties of the United States.

The Petitioner has proven that he is entitled to a writ of habeas corpus and it is illegal under the Constitution or laws or treaties of the United States to continue physically to imprison the Petitioner in any manner. The Petitioner brings his petition under § 224 which creates jurisdiction in the United States District Court for the District of Massachusetts for general habeas petitions because the Petitioner is currently

detained by the Federal Bureau of Prisons at Federal Medical Center Devens in Ayer, Massachusetts. Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." A § 2241 Petitioner is properly brought in the District Court with jurisdiction over the custodian. Norton v. United States, 119 F.Supp.2d 43, 45 - 46 (D.Mass. 2000).

Pursuant to the "saving clause" of 28 U.S.C. § 2255, the Petitioner challenges his sentence and effectiveness of his sentencing counsel under § 2241 because ( the Petitioner will establish that the remedy afforded him under § 2255 is inadequate or ineffective to test the legality of his detention; (2) the Petitioner asserts a claim of "actual innocence" with respect to his sentence enhancements that is provable on the existing record; (3) the Petitioner's issues are of constitutional dimensions and the failure to allow for collateral review would raise serious constitutional questions; and (4) the District Court committed Plain Error that affected the Petitioner's substantial rights and seriously affected the fairness, integrity and public reputation of judicial proceedings.

And Pray that this most Honorable Court will allow Petitioner's 28 U.S.C. § 2241, to correct his sentence, in the interest of Justice.

Respectfully Submitted,

Adrian Williams

# PROOF OF SERVICE

I, _Adrian Williams_____, certify that on _June 19_____,
2005__ I mailed a copy of this document and all attachments via First Class mail to the following
parties **at the addresses listed below:**

```
David L. Winn, Warden
F.M.C. Devens
P.O. Box 880
Ayer, MA 01432
```

# PROOF OF SERVICE FOR INCARCERATED LITIGANTS

In addition to the above Proof of service, all litigants who are currently incarcerated should
include the following statement with all documents to be filed with the court:

I certify that this document was given to officials[1] on this date for forwarding to the United
States District Court for the District of _Massachusetts_____. I further certify
under penalty of perjury that the forgoing is true and correct. **Title 28 U.S.C. § 1746.**

Respectfully submitted this __17__ day of __June___, 2005 .

Name:_Adrian Williams_____

Number:_43230-053_____

FMC Devens, Unit _J-B_____

P.O. Box 879

Ayer, Massachusetts 01432

---

[1] Pleadings by prisoners who represent themselves are to be considered filed at the moment such pleadings are delivered to
prison authorities for forwarding to clerk. **Houston v Lack**, 487 U.S. 266 (1988).

# APPENDIX

## TABLE OF CONTENTS

Page(s)

Indictment will show Count 1 and Count 2 that
Petitioner received 5 years for Count 1 in Count 2;
pursuant to 18 U.S.C. §§ 924(c)(1), 2 and 3551 et seq..    1 - 3

The indictment will show that no amount of the value of
the goods and chattels and items of wearing apparel,
found by Grand Jury or Trial Jury.....................    1 - 3

Presentence Investigation Report will show Probation
Officer error in Specific Offense Characteristics, by
enhancing Petitioner four (4) levels for hijacking the
driver of the vehicle and Petitioner was not charged
with 18 U.S.C. § 2119, Hijacking. Also, will show that
Petitioner was only charged with 18 U.S.C. § 1951,
Interference with Commerce by Robbery.................    4 - 6

The District Court Criminal Docket for Case # CR 97 609
will show a not guilty on Count 3.....................    7

Title 28 U.S.C. § 2241, as explained under the Federal
Rules of Civil Procedure, will show that this Court has
the power to grant Petitioner a Writ of Habeas Corpus
because he is in custody in violation of the Laws or
Constitution or Treaties of the United States.........    8

```
MF:PEN:JDS
F# 9701620
```

CR 97    609

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERKS OFFICE
DISTRICT COURT ED. N.Y.
JUL 1997
P.M.
A.M.

SIFTON, CH. J.

------------------X

UNITED STATES OF AMERICA

I N D I C T M E N T

        -against-

ADRIAN WILLIAMS,
REGGIE JACKSON,
JOHN BLOUNT, and
CRAIG GILLESPIE,
 also known as "Mountain,"

Cr. No.
(T. 18,
(1949), 24(c)(1),  1951, 2
and 3551 et seq.)

MANN, M.J.

                Defendants.

--------------------------------X

THE GRAND JURY CHARGES:

<u>COUNT ONE</u>

        1.    On or about July 2, 1992, within the Eastern

District of New York, the defendants ADRIAN WILLIAMS, REGGIE

JACKSON, JOHN BLOUNT, and CRAIG GILLESPIE, also known as

"Mountain," did knowingly and intentionally obstruct, delay, and

affect commerce, and the movement of articles and commodities in

commerce, by robbery, in that the defendants did take and obtain

the personal property of a business, to wit: Firebird Trucking, in

the presence of a principal and employee of such entity, against

the individual's will, by means of actual and threatened force,

violence, and fear of immediate and future injury to the person and

property in the person's custody and possession.

        (Title 18, United States Code, Sections 1951, 2 and 3551

<u>et seq.</u>).

*Aa 1*

                    (1)

2

## COUNT TWO

2.  On or about July 2, 1992, within the Eastern District of New York, the defendants ADRIAN WILLIAMS, REGGIE JACKSON, and CRAIG GILLESPIE, also known as "Mountain," did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the offense charged in Count One of this indictment.

(Title 18, United States Code, Sections 924(c)(1), 2 and 3551 et seq.).

## COUNT THREE

3.  On or about July 2, 1992, within the Eastern District of New York, the defendants ADRIAN WILLIAMS, REGGIE JACKSON, JOHN BLOUNT, and CRAIG GILLESPIE, also known as "Mountain," knowingly and intentionally received and possessed goods and chattels, to wit: items of wearing apparel, having a value in excess of $100.00, which were stolen and unlawfully taken from a motortruck, and which were moving as, constituted and were part of an interstate and

Aa 2

3

foreign shipment of freight, knowing the same to have been stolen.

(Title 18, United States Code, Sections 659 (1949), 2 and 3551 et seq.).

A TRUE BILL

_Washington_
FOREPERSON

_Zw. C._
ZACHARY W. CARTER
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

Aa 3

(3)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA )
                         )
              vs.        )        PRESENTENCE INVESTIGATION REPORT
                         )
     Adrian Williams     )        Docket No.: 97-CR-609-01

---

Prepared For:   The Honorable I. Leo Glasser
                United States District Judge


Prepared By:    Lisa A. Usack
                United States Probation Officer


Assistant U.S. Attorney          Defense Counsel
Patricia Notopoulos, Esq.        Lewis M. Reiss, Esq. (Retained)
                                 125-10 Queens Boulevard, Suite 314
                                 Kew Gardens, New York 11415
                                 (718) 544-8760

Sentence Date: January 22, 1998, at 9:30 a.m.


Offense:   Count 1: 18 USC 1951, INTERFERENCE WITH COMMERCE BY
           ROBBERY, A CLASS C FELONY.

           Count 2: 18 USC 924(c)(1), POSSESSION OF A FIREARM
           DURING A CRIME OF VIOLENCE, A CLASS D FELONY.

Arrest Date:   May 7, 1997

Release Status:    Released on a $150 Personal Recognizance Bond
                   on May 8, 1997.  Remanded to custody
                   following guilty verdict on November 5, 1997.


Detainers:    None

Other Defendants:    John Blount - Awaiting sentencing
                     Craig Gillespie - Awaiting sentencing
                     Reggie Jackson - Awaiting sentencing before
                     Honorable Charles P. Sifton.


Date Report Prepared:    January 12, 1998

(4)

Adjustment to $500,000 for a loss of $500,000.  Based on
the facts of the case, Jackson does not qualify for a
mitigating or aggravating role adjustment.  The case agent
advised that subsequent to his arrest, he entered into a
cooperation agreement.

LAU

### Adjustment for Obstruction of Justice

24.    The Probation Officer has no information to suggest that the
defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

25.    During the presentence interview, Defense Counsel advised
that the defendant would submit a written statement to the
Probation Department regarding his involvement in the
instant offense.  To this date, the defendant's written
statement has not yet been received.

### Offense Level Computations

### Count 1

26.    The Probation Department has determined that an ex post
facto issue would exist if the Guideline in effect at the
time of the sentence were employed.  Therefore, per the
guideline found in U.S. v. Adami, 910 F2d 510 (1st Cir.
1987) and Miller v. Florida, 480 U.S. 423 (1987), the offense
level in this case was computed on guidelines in effect at
the time the offense was committed.  Namely, the 1991
edition of the Guideline Manual was used.

27.    Base Offense Level: The guideline for the instant is USC
1951 offense is 2B3.1, which directs that the applicable
guideline, in this case 2B3.1, be applied.  Guideline
2B3.1A provides a base offense level of 20.

28.    Specific Offense Characteristics: Although a firearm was
brandished during the course of the instant offense, per
guideline 2B3.1 Application Note 2, an enhancement is not
authorized.

29.    Specific Offense Characteristics: In the process of the
hijacking, the driver of the vehicle was abducted to
facilitate commission of the offense; therefore, pursuant to
guideline 2B3.1(b)(4)(A), the offense level is increased by

(5)

11

30. **Specific Offense Characteristics:** The defendant is accountable for a loss of $250,000; therefore, pursuant to Guideline 2B3.1(b)(6)(C), 2 levels are added.

2

31. Adjustment for Role in the Offense: None.

0

32. Victim Related Adjustment: None.

0

33. Adjustment for Obstruction of Justice: None.

0

34. Adjusted Offense Level (Subtotal):

26

## Count 2

35. Base Offense Level: The guideline for an 18 USC 924(c)(1) offense is 2K2.4(a), which indicates that the term of imprisonment is that which is required by statute, which in this case is 5 years to be imposed to run consecutively to any other term of imprisonment.

## Multiple Count Adjustment - Counts 1 and 2

36. Count 2 stipulates a mandatory 5-year sentence of imprisonment imposed to run consecutively to Count 1; therefore, it cannot be factored into the multiple count adjustment per Guideline 3D1.1(b).

Units

37. Count 1 - Adjusted Offense Level.........26        1

38. Total Number of Units...........................1

39. Greater of the Offense Levels Above:

26

40. Increase in Offense Level (See Guideline 3D1.4):

0

41. Combined Adjusted Offense Level:

26

42. Adjustment for Acceptance of Responsibility: None.

0

43. Total Offense Level:

26

(6)

CHASER Pre Extracted Criminal Docket as of July 14, 1998 7:56 pm
07BJAPPEAL CLOSED

# U.S. District Court

New York Eastern (Brooklyn)
CRIMINAL DOCKET FOR CASE #: 1:97cr00609-2

USA v. Gillespie                         Filed: 06/30/97

Case Assigned to:                        Senior Judge I. Leo Glasser

Other Dkt # 1:97-m -00683

| * Parties * | * Attorneys * |
|---|---|
| ADRIAN WILLIAMS    43230-053<br>defendant<br>[term 02/17/98] | Lewis Michael Reiss<br>[term 02/17/98]<br>[COR LD NTC ret]<br>125-10 Queens Blvd.<br>Kew Gardens, NY 11415<br>(718) 544-8260 |
| **Pending Counts:** | **Disposition** |
| 18:1951, 2 and 3551 et seq.-<br>Knowlingly and intentionally<br>obstruct, delay and affect<br>commerce, and the movement of<br>articles and commodities in<br>commerce, by robbery.<br>(1) | Dft was found guilty on Counts<br>1 and 2 and not guilty on<br>Count 3. Dft to be imprisoned<br>for 63 months on Count 1; 60<br>months imprisonment on Count 2.<br>Sentenced imposed on Count 1<br>to run consecutive to the<br>sentence imposed on Count 2 for<br>a total of 123 months. Upon<br>release from imprisonment, dft<br>shall be on supervised release<br>for 3 years. Dft is<br>remanded to the custody of the<br>U.S. Marshal.<br>(1) |
| 18:924(c)(1), 2 and 3551 et<br>seq.- Knowlingly and<br>intentionally use and carry a<br>firearm during and in<br>relation to a crime of<br>violence.<br>(2) | Dft was found guilty on Counts<br>1 and 2 and not guilty on<br>Count 3. Dft to be imprisoned<br>for 63 months on Count 1; 60<br>months imprisonment on Count 2.<br>Sentenced imposed on Count 1<br>to run consecutive to the<br>sentence imposed on Count 2 for<br>a total of 123 months. Upon<br>release from imprisonment, dft<br>shall be on supervised release<br>for 3 years. Dft is<br>remanded to the custody of the<br>U.S. Marshal.<br>(2) |
| **Offense Level (opening): 4** | |
| **Terminated Counts:** | **Disposition** |
| 18:659(1949), 2 and 3551 et<br>seq.- Interstate of foreign<br>shipment by carrier.<br>(3) | |
| **Offense Level (disposition): 4** | (7) |
| **Complaints** | **Disposition** |

## FEDERAL CIVIL JUDICIAL PROCEDURE AND RULES

### TITLE 28 U.S.C. § 2241 HABEAS CORPUS

POWER TO GRANT WRIT UNDER § 2241

(a)  Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the District Courts and any Circuit Judge within their respective jurisdictions. The order of a Circuit Judge shall be entered in the records of the District Court of the district wherein the restraint complained of is had.

(b)  The Supreme Court, any justice thereof, and any Circuit Judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the District Court having jurisdiction to entertain it.

(c)  The writ of habeas corpus shall not extend to a prisoner unless---

    (1)  He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

    (2)  He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

    (3)  He is in custody in violation of the Constitution or laws or treaties of the United States; or

    (4)  He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the laws of the nations; or

    (5)  It is necessary to bring him into court to testify or for trial.

## TABLE OF CONTENTS

Petition Under 28 U.S.C. § 2241 Writ of Habeas Corpus     Page(s)

Introduction........................................     (a)

The Parties.........................................     I

Jurisdiction and Venue..............................     II

Statement of Jurisdiction...........................     III

Statement of Issues Presented for Review............     1

Statement of Case...................................     2

Statement of Facts..................................     3 - 4

Summary of Argument.................................     5

Argument............................................

1 The Probation Officer, the Court, the Government
  and Petitioner's counsel errored by using Count
  three (3), that the trial Jury found Petitioner
  not guilty of; to enhance Petitioner's sentence....     6 - 15

2 The Probation Officer, the Court, the Government
  and Petitioner's counsel errored by enhancing
  Petitioner's offense by four (4) levels for
  abducting the driver of the vehicle with a firearm.     16 - 22

Conclusion..........................................     23 - 24

Certificate of Service..............................     25

Appendix............................................     26