UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40100-RWZ

ADRIAN WILLIAMS

v.

DAVID L. WINN

ORDER

June 30, 2005

ZOBEL, D.J.

    Petitioner is imprisoned at FMC Devens serving a sentence of 123 months imposed in the Eastern District of New York on February 11, 1998, for violating the Hobbs Act, 18 U.S.C. § 1951, and using a firearm in connection with that offense in violation of 18 U.S.C. § 924(c).  The Second Circuit affirmed the conviction.  Since then petitioner has filed two petitions under 28 U.S.C. § 2255 asserting several deficiencies in his trial and concerning the sentence.  He filed these earlier petitions in September 1999 and January 2005, and they were denied on November 29, 2000 and March 9, 2005, respectively.  Petitioner points out, correctly, that the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244, prohibits the filing of successive § 2255 applications. For that reason he brings the instant petition under 28 U.S.C. § 2241.

    Section 2243 of the Habeas Corpus statute, 28 U.S.C. § 2243, provides that the court entertaining an application for the writ, shall forthwith award it or issue an order to the respondent to show cause why it should not be granted, "unless it appears from the

application that the applicant or person detained is not entitled thereto." In this instance, petitioner seeks "to vacate and correct [his] sentence." Petitioner is not entitled to the relief he requests.

First, Section 2255 is the correct vehicle for challenging the legality of a sentence; Section 2241 is appropriate, in general, only to contest the manner, location or conditions of confinement. Roccisano v. Menifee, 293 F.3d 51, 57 (2d Cir. 2001); Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001)(citation omitted). Thus, this Court is without jurisdiction under section 2241 to correct petitioner's sentence.

Second, to the extent petitioner raises a Booker argument, United States v. Booker, 125 S. Ct. 738 (2005), in that the sentencing court considered facts not charged and not found by the jury, that decision is not retroactive. Guzman v. United States, 404 F.3d 139 (2d Cir. 2005).

Third, if this were to be considered an application under § 2255, it would be barred as the third such and, for that reason, subject to dismissal. Moreover, a § 2255 petition could only be brought in the sentencing court, in this case, the Eastern District of New York.

For these reasons the petition is dismissed.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |