UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADRIAN WILLIAMS, | |
| Petitioner, | Civil No.: CV 40100 |
| v. | 05cv40100 RWZ |
| DAVID L. WINN, WARDEN, | |
| Federal Medical Center, | |
| Devens, | |
| Respondent. | |

## Motion to alter or amend Judgement pursuant to Rule 59(e) for reconsideration.

Now comes the above named Petitioner, Adrian Williams, acting pro se, hereinafter the "Petitioner" in the above captioned case humbly submitting this Motion for Reconsideration arising under Rule relating to Motions to alter or amend Judgement pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## FACTS

**The reason why the Motion should be reconsidered with the facts and reasons**

On November 3, 1997, the Petitioner was found guilty for violation of the Hobbs Act, 18 U.S.C. § 1951 and using a firearm in connection with the offense violating 18 U.S.C. § 924(c).

Petitioner filed direct appeal, and it was affirmed by the Second Circuit Appeals Court.

Then, Petitioner filed a 28 U.S.C. § 2255 Motion, which was denied, also a successive § 2255, which was denied.

On June 17, 2005, Petitioner filed a Petition under 28 U.S.C. § 2241 to vacate and correct sentence pursuant to Rule 52(b); Plain Error.

On July 5, 2005, Petitioner received from the District Court an order dismissing the Petitioner for lack of Jurisdiction under section 2241 to correct Petitioner's sentence.

Remarks by the District Court Judge state that section 2255 is the correct vehicle for challenging the legality of a sentence.

Section 2241 is appropriate, in general, only to contest the manner, location or condition of confinement and cites Roccisano v. Menifec, 293 F 3d 51, 57 (2nd Cir. 2001); Gonzalez v. United States, 150 F S 2d 236, 240 (D. Mass. 2001)(citation omitted).

## THE REASONS

### The reasons why the Petitioner's 28 U.S.C. 2241 should be reconsidered

(1) That this Court has Statute, subject and subject matter jurisdiction pursuant to 28 U.S.C. § 2241 and that venue is appropriate in that the Federal Medical Center, Devens, is located within the geographical boundaries of the United States District Court of the District of Massachusetts.

(2) Since Williams cannot bring his claim under § 2255 and since any attempt by Congress to preclude all all collateral review in a situation like Petitioner Williams' would raise serious question as to the constitutional validity of the AEDPA's amendments to § 2255, Petitioner finds that § 2255 is inadequate and ineffective to test the legality of Williams detention. See: Triestman v. U.S., 124 F 3d 361 (2nd Cir. 1997); where he was entitled to bring a Petition for a Writ of Habeas Corpus in the district court pursuant to § 2241(c)(3) in the district where he is incarcerated.

(3) Pursuant to § 2241, Power to Grant a Writ:

(A) Writ of Habeas Corpus may be granted by the Supreme Court, any Justice thereof, the district court and any circuit Judge within their respective jurisdictions. The order of a circuit Judge shall be entered in the records of the district court of the district wherein the restraint complained of is had. See: Chamber v. U.S., 106 F 3d 472 (2nd Cir. 1997); where a prisoner erroneously labeled his petition a § 2255 when it should have been labeled a § 2241

(4) Where a § 2255 is inadequate or ineffective to test the legality of the prisoner's detention, such remedy may be found in 28 U.S.C. § 2241. See: <u>Sanders v. United States</u>, 373 U.S. at 14 - 15. Here the court considered whether to apply a strict res judicata rule to govern second and successive § 2255 Petition and concluded that even assuming the constitutionality of of incorporated res judicata in § 2255 Motion, such a provision would probably prove to be completely ineffectual, in light of the further provision in this section that Habeas Corpus remain available to a Federal prisoner if the remedy by motion is inadequate or ineffective, "a prisoner barred by res judicata would seem as a consequence to have an 'inadequate or ineffective' remedy under § 2255 and thus be entitled to proceed in Federal Habeas Corpus." See: also <u>Mead v. Parker</u>, 464 F 2d 1108, 1111 (9th Cir. 1972) finding that "the remedy by motion under § 2255, assuming that it exists (in a case in which prisoners are seeking injunctive relief in the form of access to legal materials) is 'inadequate' and perhaps ineffective as well since the sentencing court would not have had jurisdiction over the Warden whose actions were being challenged.

We think a remedy by motion can be inadequate or ineffective to test the legality of...detention <u>only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of all claims of wrongful detention</u>." (Emphasis added). See: <u>Sanders</u> at 14 - 15 and <u>Parker</u> at 1111. The terms "inadequate" and "ineffective" must mean something or Congress would not have enacted it in 1948 and reaffirmed it in the

A.E.D.P.A. See: <u>National Union Fire Insurance Company v. City Saving</u>, 28 F 3d 376, 389 (3rd Cir. 1994)(in construing a statute, we are bound to give effect, if possible, to every word Congress used). See: <u>Reiter v. Sonotone Corporation</u>, 442 U.S. 330 (1979)(and without good reason, we will not assume the portion of a statute is superfulous, void or insignificant). See: also <u>Triestman</u>, supra, at 376 - 77. Serious Eighth Amendment and due process question arise with respect to the A.E.D.P.A. if the courts were to conclude that, by amended § 2255, Congress denied prisoner the right to collateral review in their cases. In Re: <u>United States v. Dorsainvil</u>,

119 F 3d 245 at 248 (3rd Cir. 1997). See: also <u>Pathinger v. City of Miami</u>, 810 F Supp 1551, 1565 (S D FL 1992), finding that a person "may not be convicted under the Eighth Amendment" of innocent conduct. Where as Petitioner was found not guilty of count (3) of the indictment, by the jury, and the Petitioner is <u>actually innocent</u> of count (3).

### Plain Error Rule 52(b)

(5) The error is that Petitioner Williams, received a 5 year consecutive sentence, for count one in count two, for using or carrying a firearm in the crime of violence to a principle and employee/driver in facilitating the commission of the offense. The offense level cannot be increased under 2B3.1(b)(4)(A) pursuant to the guidelines for an 18 U.S.C. § 924(c)(1) offense is 2K2.4(a), and no other enhancement in the same offense charged in the indictment can be added, unless a new indictment by the Grand Jury (18 U.S.C. § 924(c)(1), 2 and 3551 et seq.).

Additionally, Guideline amendment 599 of the U.S. sentencing guideline states that this amendment directs that no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. 924(c) conviction nor for any conduct with respect to that offense for which the defendant is held accountable under 1B1.3 (Relevant Conduct).

Petitioner showed that his substantial rights had been affected and that fairness, integratal of the public reputation in a judicial proceeding would be implicated by decision not to review issue would result in a miscarriage of justice. See: U.S. v. Rodriguez, CA 5 (Tex) 1994, 15 F 3d 408 Criminal Law 104c.

Most of the cases which Petitioner cites involve prisoners who asserted that they were actually innocent of their conviction based on the Supreme Court's Opinion in Bailey v. United States, 516 U.S. 137 (1995). See: Davenport, 147 F 3d at 607 - 08; Triestman, 124 F 3d at 365 - 66; Dorsainvil, 119 F 3d at 246 - 48. In those cases the prisoners were unable to obtain review of their claims in a § 2255 motion because Bailey had been decided after they had filed their first § 2255 motion, the same as in Apprendi, and Blakely, in the Petitioner's case, and they were unable to meet the requirements for filing a successive § 2255 motion. See: Davenport, 177 F 3d at 607 - 08; Triestman, 124 F 3d at 365 - 66; Dorsainvil, 119 F 3d at 246 - 48.

(6) The court is saying that Petitioner raised a Booker argument, and that Booker in not retroactive. Guzman v. United States, 404 F 3d 139 (2nd Cir. 2005).

The Petitioner did not raise a Booker claim, the Petitioner did raise a Sixth Amendment violation and cited Ex Parte Bain, 121 U.S. 1, 10, 13, 30 L Ed 849, 7 S Ct 781, 786 (1887); See: also Strione v. United States, 361 U.S. 212, 218, 4 L Ed 2d 252, 80 S Ct 270, 273 (1963); In re Winship, 397 U.S. 387, 25 L Ed 2d 435, 90 S Ct 1184 (1970); Jackson v. Virginia, 443 U.S. 307, 61 L Ed 2d 560, 99 S Ct 2781 (1979); Jones v. United States, 526 U.S. 227, 143 L Ed 2d 311, 119 S Ct 1215 (1999); Apprendi v. New Jersey, 530 U.S. 466, 147 L Ed 2d 435, 120 S Ct 2348 (2000); Blakely v. Washington, 542 U.S. ___, 159 L Ed 2d 403, 124 S Ct 2531 (June 24, 2004); United States v. Booker, 543 U.S. ___, 160 L Ed 2d 621, 125 S Ct 738 (2005); inwhich all the citings are an interpretation of the Sixth Amendment for over one hundred years, and Booker follows suit in 2005.

The First Circuit Court of Appeals have allowed prisoners to file § 2241's under these same conditions, when the District Court dismisses Petitioner's § 2241 pursuant to 28 U.S.C. § 2243 because Petitioner could not file a § 2255 because A.E.D.P.A. restrictions. When Petitioner Williams was sentenced, the Sentencing Guidelines were mandatory.

The Petition was brought under a Plain Error pursuant to Rule 52(b) that can be brought in any court.

Petitioner showed that his substantial rights have been affected and that fairness, integrity of the public reputation in a judicial proceeding would be implicated by decision not to review issue would result in a miscarriage of justice. U.S. v. Rodreguez, C A 5 (Tes) 1994, 15 F 3d 408 Criminal law 104c.

## CONCLUSION

For the reasons and documented facts listed above, Petitioner states that these violations of the Constitution and Laws of the United States left the Court without proper authority to impose an unconstitutional sentence that was illegally obtained in violation of Petitioner's Fifth and Sixth Amendments.

Whereby, a fundamental miscarriage of justice will remain, if this Court does not grant this evidentiary hearing to serve the ends of justice, and preserving the integrity of the Constitution, and the reputation of this Honorable Court as well as assuring that the public receive a fair and impartial justice system under the constitutional statute, and its Amendments to with.

Respectfully Submitted,

*Adrian Williams*
Adrian Williams

## CERTIFICATE OF SERVICE

I, Adrian Williams, certify that these documents were placed in the F.M.C. Devens internal "Legal" mailing system on July 13, 2005 for forwarding to the United States District Court for the District of Massachusetts. I further certify under penalty of perjury that the foregoing is true and correct, in accordance with Title 28 U.S.C. § 1746. I also state that my legal mail is considered filed on this date because I am incarcerated at the Federal Medical Center, Devens, pursuant to Rule 25(a)(2)(C) of the Rules of Appellate Procedure.

On this 13th day of July, 2005.

Respectfully Submitted,

*[signature]*

Adrian Williams
Reg. No. 43230-053
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432