Adrian Williams
Prison Number 43230-053
F.M.C. Devens Prison
P.O. Box 879
Ayer, MA 01432

Pro Se Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Adrian Williams, ) | Civil Action Docket |
| Pro Se Petitioner, ) | 05cv40100 |
| v. ) | Judge Rya A. Zobel |
| David L. Winn, Warden, ) | Motion for a COA & Notice |
| F.M.C. Devens Prison, ) | of Appeal |
| Respondent. ) | |

Pro Se Petitioner's Notice of Appeal from the Court's October 28, 2005 Denial of his Motion under 28 U.S.C. § 2241 Allowing the First Circuit to Review the Instant Denial

and

Motion for a Certificate of Appealability (COA)

## Question(s) Presented

## under

## Motion for a Certificate of Appealability (COA)

1. Should the Honorable Court grant the Petitioner's instant Motion for a Certificate of Appealability "COA" wherein the Petitioner is <u>showing cause</u> with <u>prejudice</u> in the <u>execution</u> of his prison sentence that deprived his meaningful court access in filing the instant § 2241 motion by the <u>violations</u> at the F.M.C. Devens prison law library and legal assistance program that failed to follow the rulings in <u>Bounds v. Smith</u>, 52 L Ed 2d (1997); <u>Lewis v. Casey</u>, 135 L Ed 2d 606 (1996) with <u>Bolvan V. Black</u>, 225 F 3d 36 (1sr Cir. 2000). The prison authorities had to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. The Petitioner shows his <u>extraordinary circumstances</u> under <u>actual innocence</u>; <u>Bousley v. United States</u>, 140 L Ed 2d 828 (1998) in the <u>illegal detention</u> of the Petitioner since 2002 when his prison sentence had to end. The presentence report created the <u>illegal enhancement</u> of four points (30) thirty months of <u>illegal detention</u> since 2002 when the prison sentence had to end. The wrongful presentence report at ¶ 29 <u>amended</u> the (3) three count indictment that went to trial resulting in the jury finding the Petitioner guilty of counts one and two and not guilty of count three. Thereafter, the presentence report at ¶ 29 attached hereto in <u>Exhibit 1</u> provided the <u>illegal enhancement</u> of four points that increased the prison sentence by (30) thirty months for a

-2-

non existent offense of kidnapping abduction that <u>amended</u> the indictment where no such charge was in the three count indictment that is attached hereto in <u>Exhibit 2</u>. The Petitioner is <u>uneducated and illiterate</u> who is part of the prison GED program. The Petitioner's right of remedy pursuant to motion under Title 28 U.S.C. § 2255 is <u>inadequate and ineffective</u> in testing the legality of the F.M.C. Devens prison law library and legal assistance program that deprived the Petitioner's meaningful court access. <u>Lewis v. Casey</u>, 135 L Ed 2d 606 (1996), <u>Sastache-Rivera v. U.S.</u>, 221 F 3d 8 (1st Cir. 2000), <u>U.S. v. Barrett</u>, 178 F 3d 31 (1st Cir. 1999).

**<u>Consolidated Motion and Declaration Requesting the Court to Issue their Certificate of Appealability "COA" Allowing the Appeal in First Circuit of the Instant Motion under 28 U.S.C. § 2241 Savings Clause</u>**

### Declaration and Affirmation

Adrian Williams, Pro Se Petitioner, hereinafter "Petitioner," declares and affirms under the penalty of perjury that the instant filing is true.

**<u>Petitioner Shows Cause Discerning his Prejudice under the Execution of his Prison Sentence that Deprived the Required Meaningful Court Access in the Preparation and Filing of the Instant Motion under 28 U.S.C. § 2241 by the Uneducated and Illiterate Petitioner who is on Kidney Dialysis and was Denied Meaningful Court Access by the F.M.C. Devens Prison Officials Violating the</u>**

### Required Prison Law Library and Legal Assistance Programs

1. Respectfully, the Petitioner <u>shows cause</u> discerning the <u>Prejudice</u> he suffers by the F.M.C. Devens prison law library and legal assistance programs violating the required right to meaningful curt access. <u>Lewis v. Casey</u>, 135 L Ed 2d 606 (1996), <u>Bounds v. Smith</u>, 52 L ed 2d 72 (1997) with <u>Boivan v. Black</u>, 225 F 3d 36 (1st Cir. 2000).

2. The Petitioner was deprived the fundamental constitutional right of access to the courts that required the F.M.C. Devens prison officials to assist his preparation and filing of the instant 2241 motion with adequate law library or adequate assistance from persons trained in the law. <u>Id</u>. <u>Bounds</u> at 828, 52 L Ed 2d 72, 97 S Ct 1491 that is affirmed in <u>Lewis</u> at 614 135 L Ed 2d, ¶¶ 1A, 2A & 3A, with <u>Boivan</u> 225 F 3d 36 (1st Cir. 2000).

3. The F.M.C. Devens prison law library and legal assistance program are acted out by inmates who are assigned to assist prisoner. However, the prison law library clerks by Jason Lanteigne and Stephen Ferguson claim that they are instructed to <u>not</u> provide the Petitioner with the legal assistance in preparing the instant motion under 2241. The Petitioner did request a declaration from the above law library inmate clerks that may be attached to the instant COA when the motion is filed.

4. The <u>execution</u> of the Petitioner's prison sentence claims may be litigated under the savings clause 2241; <u>U.S. Barrett</u>, 178 F 3d 34 (1st Cir. 1999). The instant COA shows the <u>attachment</u> to the violations of the required prison law library and legal assistance program(s) that denied the Petitioner's meaningful court access in the preparation of the instant 2241 motion.

5. The F.M.C. Devens prison law library clerks are <u>not allowed</u> by orders from the prison officials who operate the law library to assist the Petitioner who is <u>uneducated and illiterate</u>. The Petitioner has no <u>formal education</u> and is attending the F.M.C. Devens prison GED program in order to learn the basic tools of education. The violations by the F.M.C. Devens prison law library system and legal assistance program resulted in the denial of the instant motion under the savings clause 2241.

6. The Petitioner is not required to exhaust prison remedies under the Prison Litigation Reform Act 42 U.S.C. § 1997E(a). <u>Booth v. Churner</u>, 149 L Ed 2d 958 (2001), in order to simply provide the history of his prejudice. The instant <u>COA</u> is not a claim for actual injuries under damages by the prison officials violations of <u>Lewis v. Casey</u>, 135 L Ed 2d 605 (1996). The filing of the show cause setting forth prejudice is made to demonstrate the <u>attachment</u> to the instant 2241 motion. When the <u>execution</u> of the Petitioner's prison sentence is <u>attached</u> to his required meaningful court access that prejudice belongs only in the instant motion under 2241. The filing of a motion under 2255 would be ineffective and inadequate to test the legality of the Petitioner's detention under the claims of denial of meaningful court access. <u>Lewis v. Casey</u>, 135 L Ed 2d 606 (1996) should be reviewed with <u>Sustache v. Rivera</u> 221 F 3d 8 (1st Cir. 2000) and <u>U.S. v. Barrett</u>, 178 F 3d 34 (1st Cir. 1999) in order to discern the Petitioner's <u>prejudice</u> in showing cause why the preparation of the instant 2241 motion resulted in the Court's <u>denial</u> of the proceeding. <u>Lewis v. Casey</u>, ordered that the Petitioner had to have legal assistance in providing meaningful court access.

### Petitioner's Illegal Detention is a Fundamental Miscarriage of Justice Showing Extraordinary Circumstances under the Petitioner's Actual Innocence that was Violated by the Amending of the Three Count Indictment in the Presentence Report Paragraph 29 that Resulted in the Increased 30 Thirty Month Prison Sentence for a Non-Existent Offense of Kidnapping Abduction that is not in the Three Count Indictment that Proceeded to Trial

7. The Petitioner is now held in federal prison under a fundamental miscarriage of justice: The three count indictment that is the basis of the prison sentence is attached hereto in Exhibit 2. The presentence report ¶ 29 is attached hereto in Exhibit 1. Nowhere in the three count indictment is their any allegation of the non-exstent offense of kidnapping abduction. The presentence report at ¶ 29 amended the three count indictment in violation of law. U.S. Mollica, 849 F 2d 723 (2nd Cir. 1980), United States v. Miller, 85 L Ed 2d (1985), Stirone v. United States, 4 L Ed 2d 252 (1960).

### Petitioner's Actual Factual Innocence to the Non-Existent Offense of Kidnapping Abduction Resulting in Holding the Petitioner under Illegal Federal Prison Detention

8. The Petitioner is not guilty by actual factual innocence to the non-existent offense of kidnapping abduction in the ¶ 29 of the presentence report. Bousley v. United States, 140 L Ed 2d 828 (1998). The presentence report alone is now holding the

-6-

Petitioner in federal prison for a <u>non-existent offense</u> that <u>is</u> <u>not</u> part of the three count indictment in <u>Exhibit 2</u>.

9. The instant 2241 is the only motion the Petitioner could file in order to discern the illegal federal detention. The Petitioner's three count indictment <u>does not claim</u> any criminal misconduct under kidnapping abduction. <u>Stirone v. United States</u>, 4 L Ed 2d 252 (1960) <u>prohibits</u> the holding of the Petitioner under the presentence report ¶ 29 that had no legal authority to <u>amend</u> the three count indictment under the <u>non-existent offense</u> of kidnapping abduction. The Petitioner's federal prison sentence <u>ended in 2002</u>. The four point presentence report ¶ 29 <u>increased</u> the prison sentence by (30) thirty months that must now be vacated.

## Conclusion

Based on all the paper filed in the criminal proceeding including all the post conviction litigation the Pro Se Petitioner is respectfully requesting the Honorable Court to issue the COA that will allow the First Circuit Appeal to proceed under the instant notice of appeal.

on this 21 day of December, 2005,

Respectfully submitted,

by: *Adrian Williams*
Adrian Williams
Pro Se Petitioner

### F.M.C. Devens Prison Law Library and Inmate Legal Assistance Program(s) Policy by Prison Staff in Charge of the F.M.C. Devens Law Library

### Declaration and Affirmation

Jason Lanteigne, F.M.C. Devens Prison law library inmate clerk, hereinafter (clerk), declares and affirms under the penalty of perjury that the instant declaration is true.

### F.M.C. Devens Prison Law Library Policy

1. The clerk is one of several inmates who are authorized by the F.M.C. Devens Prison law library Staff to be employed as a law library clerk.

2. The clerk is not trained in law and does not provide legal assistance beyond basic simple assistance in directing inmates to reference materials in which they may find the answers to the questions they ask. The clerk does not aid inmates in the meaningful preparation or filing of their habeas corpus legal papers while working. Assistance of this nature is not in the "Clerk Job Description." The education part of the law library does not teach or educate inmates in the preparation of their habeas corpus legal papers on a regular basis.

3. When the law library does provide the class in inmate legal work, their is no detailed education in how to prepare meaningful legal papers that are needed in the preparation and filing of habeas corpus legal papers. The class has no set dates and times it is offered for inmates to gain the education they need to prepare and file habeas corpus legal papers. The class is not provided each month or quarter in the year. In 2005, the class

was provided twice for all the inmates at the F.M.C. Devens.

on December 21, 2005

Respectfully,

Jason Lanteigne

PROOF OF SERVICE ON

THE RESPONDENT'S COUNSEL

Adrian Williams, Pro Se Petitioner, declares and affirms under the penalty of perjury that he did serve the Respondent's named Counsel below with a true copy of the enclosed Notice of Appeal and Motion for a Certificate of Appealability by the F.M.C. Devens prison legal mail system on December 18, 2005.

Served Respondent's Counsel

U.S. Attorney Sullivan
for the District of Massachusetts
One Courthouse Way, Suite 9200
Boston, MA 02210

Dated December 18, 2005

by: *Adrian Williams*
Adrian Williams
Pro Se Petitioner

Docket Number
**05cv40100**
Williams v. Winn